IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:00-CR-06 |
| | ) | |
| v. | ) | |
| | ) | |
| RICKY PAGE REYNOLDS, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Ricky Page Reynolds filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 360 months to 151 months, which will result in his immediate release. ECF No. 68. The government does not contest that Reynolds is eligible for a reduction in his sentence, but asserts that the sentence should be modified to 262 months rather than 151 months, followed by a 6-year term of supervised release.[1] The government asks that if a reduction in Reynolds's sentence results in his immediate release, that the judgment be stayed for ten days to allow the Bureau of Prisons sufficient time to process his release. ECF No. 70. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Reynolds's request and modify his sentence to 262 months, but not less than time served, to be followed by a 6-year

---

[1] In Reynold's motion, he asked the court to adopt the analysis provided in the Addendum to the Presentence Report (PSR) filed on February 8, 2019. ECF Nos. 67, 68. In that Addendum, the United States Probation Office (USPO) offered its opinion that the guideline range under the First Step Act for Reynolds was 151 to 188 months. However, that range did not take into account that Reynolds was a career offender or that a 21 U.S.C. § 851 enhancement was filed in his case. A second Addendum was filed on March 12, 2019, where the USPO stated that Reynold's new guideline range was 210-262 months. ECF No. 72. That Addendum took into account that Reynolds was a career offender, but did not take into account the §851 enhancement. A third Addendum was filed on April 22, 2019. ECF No. 80. That Addendum accounts for Reynolds's career offender status and the §851 enhancement and the USPO describes his new guideline range as 262-327 months.

term of supervised release. The judgment will be stayed for ten days if the Bureau of Prisons determines that Reynolds is entitled to immediate release.

I.

On May 19, 2000 Reynolds was tried by a jury and found guilty on one count of possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 23, 66. The government filed an Information to establish Reynold's prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, subjecting him to an increased statutory penalty range of a minimum of 10 years and a maximum of life imprisonment due to at least one prior felony drug conviction. ECF Nos. 10, 66.

In the PSR it was stated that Reynolds was responsible for 20 grams of cocaine base. ECF No. 66. The statutory maximum term of imprisonment for possession of 5 to 50 grams of cocaine base was 40 years. 21 U.S.C. § 841(b)(1)(B) (2000). Based on the drug quantity, he had a base offense level of 28. However, he was categorized as a career offender based on two prior felony convictions of either a crime of violence or a controlled substance offense, making his total offense level 37. See 21 U.S.C. § 841(b)(1)(B) (2000) and U.S.S.G. § 4B1.1(b). Coupled with a criminal history category of VI, his guideline range for imprisonment was 360 months to life. U.S.S.G. Ch. 5 Pt. A. On August 22, 2000 Reynolds was sentenced under the then-mandatory guidelines to a term of 360 months to be followed by an 8-year term of supervised release. ECF Nos. 24, 80. Reynolds has served approximately 229 months and his projected release date is October 28, 2026. ECF No. 80.

2

At the time Reynolds was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2000). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

Th First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Reynolds. Because he was responsible for 20 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2000,

Reynolds would have had no mandatory minimum sentence and the maximum sentence would have been 20 years. 21 U.S.C. § 841 (b)(1)(C) (2000).[2] Taking into account the § 851 Information, the maximum statutory term of imprisonment would have been 30 years and his total offense level would have been 34. 21 U.S.C. § 841(b)(1)(C) (2018); U.S.S.G. § 4B1.1(b)(2). A total offense level of 34 coupled with a criminal history category of VI yields a sentencing range of 262-327 months. U.S.S.G. Ch. 5 Pt. A; ECF No. 80.

Had Reynolds been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 262 months followed by a 6-year term of supervised release. A sentence of 262 months is the bottom of the sentencing range and corresponds to the 360-month sentence which was the bottom of his current sentencing range. Thus, an appropriate sentence for Reynolds under the First Step Act would be 262 months, followed by a 6-year term of supervised release. Because Reynolds has served approximately 229 months, it appears that he may be entitled to immediate release when his good conduct time is factored into his sentence.

### III.

For the reasons stated above, the court will **GRANT** Reynolds's motion to reduce his sentence, ECF No. 68, and modify his sentence to a total period of 262 months, but not

---

[2] The Addendum to the PSR assumes that it is the quantity of cocaine base for which a defendant is responsible, rather than the amount for which he has been convicted, that determines the new offense level and guideline range. ECF No. 80 at 3. Reynolds did not address the issue, but relied upon and urged the court to adopt the analysis in the Addendum to the PSR. ECF No. 68. Because Reynolds would be entitled to the same reduction in his sentence regardless of whether the offense level was based on the amount of cocaine base for which he was convicted or for which he was held responsible, the court makes no determination in this case as to which amount is contemplated by the First Step Act to be used in resentencing.

less than time served, to be followed by a 6-year term of supervised release. The court finds the sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. The Bureau of Prisons is directed to recalculate Reynolds's release date based on his amended sentence of 262 months and release him if he has fully served his sentence.

An appropriate Order and amended judgment will be entered. If Reynolds is entitled to immediate release, judgment will be stayed for ten days to give the Bureau of Prisons sufficient time to process his release.

Entered: 04-25-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge