IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) Case No. 7:00-CR-00006 |
| v. | )<br>)<br>) |
| RICKY PAGE REYNOLDS, | )<br>) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Ricky Page Reynolds' pro se motion for early termination of supervised release. ECF No. 86. For the reasons stated below, the court **DENIES without prejudice** Reynolds' motion.

On May 19, 2000, Reynolds was tried by a jury and found guilty on one count of possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 23, 66. The government had filed an Information to establish Reynolds' prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, subjecting him to an increased statutory penalty range of a minimum of 10 years and a maximum of life imprisonment due to having at least one prior felony drug conviction. ECF Nos. 10, 66.

Reynolds was classified as a career offender based on two prior felony convictions of either a crime of violence or a controlled substance offense, making his total offense level 37. See 21 U.S.C. § 841(b)(1)(B) (2000) and United States Sentencing Guidelines (USSG) § 4B1.1(b). Coupled with a criminal history category of VI, his guidelines range for imprisonment was 360 months to life. USSG Ch. 5 Pt. A. On August 22, 2000, Reynolds was sentenced under the then-mandatory guidelines to a term of 360 months to be followed by an

1

8-year term of supervised release. ECF Nos. 24, 80. On April 25, 2019, pursuant to the First Step Act of 2018, Reynolds' sentence was reduced to 262 months to be followed by a 6-year term of supervised release. ECF Nos. 81, 82. The reduction in his sentence resulted in his release from Bureau of Prisons (BOP) custody on July 19, 2019. He then was transferred to state custody, where he remained until July 1, 2021.

Reynolds began serving his term of supervised release upon his release from state custody in July 2021 and has served approximately eighteen months of his 6-year term. Since being released, he has been working full time as a forklift operator and has obtained a driver's license and bought a vehicle. In addition, he is very active in his church community. ECF No. 86.

The court sought input from the United States Probation Officer who supervises Reynolds, and the officer confirmed that Reynolds has done well on supervision. In addition to having had no issues, the probation officer reports that Reynolds has been extremely polite and compliant when dealing with the officer.

The government opposes early termination of Reynolds' term of supervised release, arguing that he has offered no compelling reason for early termination aside from being compliant with the requirements of supervision. The government also argues that given Reynolds' criminal history and the fact that he committed drug distribution offenses while on parole, he should serve more than 25 percent of his supervised release term.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if

2

it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no

3

longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of Reynolds' offense weigh neither in favor nor against early termination. Reynolds was arrested with twenty grams of crack cocaine in his possession. Although he attempted to flee, his offense was not violent. PSR, ECF No. 66 ¶¶ 4–7.

Regarding Reynolds' history and characteristics, Reynolds committed some violent offenses as a young man. As a juvenile he was found guilty of several counts of robbery by violence and breaking and entering with the intent to commit robbery. When he was 19, he was sentenced to serve approximately ten years in prison following convictions for robbery and malicious wounding, after attacking a man by striking him in the face and then stealing two bags of money from a counter in a convenience store. Id. ¶¶ 23, 25. Reynolds also had a conviction for possession with intent to distribute crack cocaine. Id. ¶ 26.

On the other hand, Reynolds is now 57 years old and tells the court that he has accepted responsibility for the crimes he has committed and regrets his actions. As stated, he is active in his church, escorting and assisting elderly congregants in and out of church services. Reynolds reports that he experienced great trauma as a child when he witnessed his father kill his mother but has forgiven his father and meets with his pastor on a regular basis for counseling and education. Both Reynolds' employer and the pastor of his church wrote letters

4

on his behalf, describing him as having an exceptional work ethic, and being diligent, kind, respectful, polite, trustworthy, stable, and reliable. Letters, ECF Nos. 87 and 87-1.

The court is impressed by the positive adjustment Reynolds has made to living outside the confines of prison, and by his sincere and diligent efforts at becoming a peaceful, productive, and lawful citizen. Although he was a violent young man, his behavior since being released from custody weighs shows that he has greatly matured and weighs in favor of early termination.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, the court finds that having Reynolds remain on supervised release will provide benefit to both Reynolds and the public. The terms of Reynolds' supervised release and the guidance he receives from his probation officer undoubtedly have contributed to his success thus far. Reynolds was incarcerated for many years and continuing his term of supervision will provide him with additional structure and support from his probation officer and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the established sentencing range for the category of Reynolds' offense, after passage of the First Step Act, he faced a minimum term of 6 years of supervised release. 21 U.S.C. § 841(b)(1)(C). Because he has served only 18 months of his term, it is reasonable to require him to continue on supervised release at this time. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors, the opinion of the probation officer overseeing Reynolds' supervised release, and the letters he submitted, the court **DENIES without prejudice** Reynolds' motion for early termination. To be sure, Reynolds'

5

accomplishments to date on supervision are positive and the court credits his commitment to leading a law-abiding life. Nevertheless, the court finds that having Reynolds remain on supervised release will provide him with an additional period of guidance and will also serve to protect the community. Accordingly, Reynolds' motion for early termination of supervised release is **DENIED without prejudice.** He may file an additional motion for supervised release after he has served 3 years of his 6-year term if he desires to do so.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: January 27, 2023

Michael F. Urbanski
Chief United States District Judge